UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE GUILLERMO SANTIAGO, JR.,

                Plaintiff,

v.                                        Case No. 20-cv-687-pp

FREDERICK GILBERT,

                Defendant.

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 12)

      Plaintiff Jose Guillermo Santiago, Jr., an inmate at Racine Correctional Institution who is representing himself, filed a complaint alleging that the defendant, Dr. Frederick Gilbert, violated his civil rights under 42 U.S.C. §1983 by prescribing him a medication which the plaintiff believes caused him a severe allergic reaction. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a claim that the defendant acted with deliberate indifference to the plaintiff's serious medical need in violation of the Eighth Amendment to the United States Constitution. Dkt. No. 8 at 7-8. The court also denied without prejudice the plaintiff's motion to appoint counsel. Id. at 10-13. The plaintiff has filed a letter requesting that the court reconsider recruiting a lawyer to represent him. Dkt. No. 12.

      In support of his request, the plaintiff states that he recently received a notice of appearance from the Wisconsin Department of Justice stating that two lawyers will be representing the defendant. Dkt. No. 12. According to the

1

plaintiff, the two lawyers "went to law school, [ ] have been working the field for years, and this is the[ir] career", while he has "NO law experience at all and [is] on isolation for the Covid-19." Id. The plaintiff also asserts that he has tried multiple times to find a lawyer. Id.

In a civil case the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019) (quoting Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007)). The court has already determined that the plaintiff has made a reasonable attempt to find a lawyer, thus meeting the first prong. Dkt. No. 8 at 10.

When considering the second prong the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell, 923 F.3d at 490. The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the

plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491.

On November 12, 2020, the court denied without prejudice the plaintiff's prior motion to appoint counsel for following reasons:

> The plaintiff has not demonstrated that he cannot handle the case himself at this stage of the proceedings. The plaintiff's complaint was clear and easy to understand. The court knows exactly what he is alleging. He has followed the court's instructions—he provided his inmate trust account as required and paid the initial partial filing fee. He has filed a motion and a letter; the court was able to understand both.
>
> It is true that the plaintiff's allegations relate to a medical issue. Medical issues can be complex. It appears, however, that the medical issue in the plaintiff's case is less complex. The issue is whether Dr. Gilbert's failure to scan the plaintiff's I.D., and his decision to give the plaintiff Amoxicillin when the plaintiff told Gilbert that he was allergic to Augmentin, was deliberately indifferent. The only "complex" issue may be the question of whether a doctor should know that someone who is allergic to Augmentin would also be allergic to Amoxicillin.
>
> The next step in the case is for Gilbert to answer or otherwise respond to the complaint. After that, the court will issue a scheduling order, setting dates for the parties to exchange "discovery." "Discovery" is a process that allows the parties to collect information about the issues in the case by serving on each other written questions (interrogatories) and requests for documents. A person does not need to be trained in the law, or to do legal research, to ask or truthfully answer questions or to ask for documents. The plaintiff's filings so far demonstrate that when the time comes, he is capable of asking the defendant for information through written questions and requests for documents.
>
> After the discovery phase comes the dispositive motion phase. Dispositive motions typically are motions for summary judgment. In a summary judgment motion a party will ask the

> court to dismiss the case because it believes there are no genuine disputes of material fact and the party is entitled to judgment as a matter of law. If the defendant files a motion for summary judgment, the plaintiff does not need to be trained in the law to respond to the motion, nor does he need to contact experts. Whether a court grants or denies summary judgment depends on whether there are one or more genuine disputes of material fact. The plaintiff clearly knows the facts of his case. The court is familiar with the law and, if there is a summary judgment motion, will not need the plaintiff to explain the legal basis of his claims. Instead, it will need the plaintiff to explain which of the defendant's facts the plaintiff disputes and why. The plaintiff's filings to date indicate that he can participate in discovery and respond to a summary judgment motion to tell his side of the story.

Dkt. No. 8 at 11-13.

In the plaintiff's new request for counsel, he adds that the defendant has counsel and that his institution is on lockdown. The fact that the defendant has counsel does not impact the court's determination that the plaintiff can represent himself. Moreover, the court understands that the pandemic presents new challenges to prisoners litigating their cases. The plaintiff may request more time, if needed. For the reasons explained in the court's order denying the plaintiff's prior motion to appoint counsel, the court will deny the plaintiff's renewed request for counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 12.

Dated in Milwaukee, Wisconsin this 11th day of January, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
