UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE GUILLERMO SANTIAGO, JR.,

    Plaintiff,

v.                                      Case No. 20-cv-687-pp

FREDERICK GILBERT,

    Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 19) AND GRANTING PLAINTIFF'S REQUEST FOR EXTENSION OF TIME (DKT. NO. 19)**

---

Plaintiff Jose Guillermo Santiago, Jr., who is confined at the Racine Correctional Institution and who is representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983 by prescribing him a medication which the plaintiff believes caused a severe allergic reaction. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a claim that the defendant acted with deliberate indifference to the plaintiff's serious medical need in violation of the Eighth Amendment to the Constitution. Dkt. No. 8 at 7-8. The court also denied without prejudice the plaintiff's motion to appoint counsel. Id. at 10-13. The plaintiff subsequently filed two more motions to appoint counsel, dkt. nos. 12, 16, which the court denied without prejudice, dkt. nos. 14, 18. The plaintiff now has filed a request for extension of time to complete discovery and has renewed his request for counsel. Dkt. No. 19.

1

In support of his renewed request for appointment of counsel, the plaintiff explains that one of the inmates who has been helping him has been released from custody and the other no longer can help him. Id. He also says that he needs a sixty-day extension of the discovery deadline, explaining that he was, at the time he filed the motion, under quarantine due to four inmates on his unit testing positive for COVID-19. Id. Incarcerated persons under quarantine cannot go to the library or other activities. Id. He says that until the day he prepared the motion, he did not understand what the scheduling order meant; he says that it "was explained" to him that he was supposed to file his discovery demands sixty days before the discovery deadline, and says he did not realize that the defendant already had filed his demands. Id.

The plaintiff also says that he believes that the court should appoint him an attorney because the attorneys he has contacted have refused to help him because he is in prison. Id. He says that although he has no knowledge of the law, he knows that what happened to him was wrong. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. The court has already determined that the plaintiff has made a reasonable attempt to find a lawyer, thus meeting the first prong. Dkt. No. 8 at 10.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This

includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

When the court denied the plaintiff's first motion to appoint counsel, it stated that

> The plaintiff has not demonstrated that he cannot handle the case himself at this stage of the proceedings. The plaintiff's complaint was clear and easy to understand. The court knows exactly what he is alleging. He has followed the court's instructions—he provided his inmate trust account as required and paid the initial partial filing fee. He has filed a motion and a letter; the court was able to understand both.
>
> It is true that the plaintiff's allegations relate to a medical issue. Medical issues can be complex. It appears, however, that the medical issue in the plaintiff's case is less complex. The issue is whether Dr. Gilbert's failure to scan the plaintiff's I.D., and his decision to give the plaintiff Amoxicillin when the plaintiff told Gilbert that he was allergic to Augmentin, was deliberately indifferent. The only "complex" issue may be the question of whether a doctor should know that someone who is allergic to Augmentin would also be allergic to Amoxicillin.
>
> The next step in the case is for Gilbert to answer or otherwise respond to the complaint. After that, the court will issue a scheduling order, setting dates for the parties to exchange "discovery." "Discovery" is a process that allows the parties to collect information about the issues in the case by serving on each other written questions (interrogatories) and requests for documents. A

> person does not need to be trained in the law, or to do legal research, to ask or truthfully answer questions or to ask for documents. The plaintiff's filings so far demonstrate that when the time comes, he is capable of asking the defendant for information through written questions and requests for documents.
>
> After the discovery phase comes the dispositive motion phase. Dispositive motions typically are motions for summary judgment. In a summary judgment motion a party will ask the court to dismiss the case because it believes there are no genuine disputes of material fact and the party is entitled to judgment as a matter of law. If the defendant files a motion for summary judgment, the plaintiff does not need to be trained in the law to respond to the motion, nor does he need to contact experts. Whether a court grants or denies summary judgment depends on whether there are one or more genuine disputes of material fact. The plaintiff clearly knows the facts of his case. The court is familiar with the law and, if there is a summary judgment motion, will not need the plaintiff to explain the legal basis of his claims. Instead, it will need the plaintiff to explain which of the defendant's facts the plaintiff disputes and why. The plaintiff's filings to date indicate that he can participate in discovery and respond to a summary judgment motion to tell his side of the story.

Dkt. No. 8 at 11-13.

In the plaintiff's second and third motions to appoint counsel, he did not mention that he had been receiving assistance from other inmates. If everything the plaintiff has filed in this case has been prepared by someone else, that makes it hard for the court to determine *the plaintiff's* ability to litigate on his own. But the docket indicates that the plaintiff himself wrote a letter regarding payment of the filing fee, which the court received on July 8, 2020. Dkt. No. 7. If the plaintiff wrote this letter himself (the handwriting in the text of the letter appears to the same as the signature), the court believes that the plaintiff can litigate on his own at this time—that letter is clear, direct and easy to follow. Even if the plaintiff did not write this letter, it appears that if the

5

court gives the plaintiff additional time, he can conduct discovery. Discovery is nothing more than asking the defendant to answer questions (interrogatories), provide documents (requests for production of documents) and admit facts (requests for admission). The plaintiff did not understand that he had to make those requests to the defendant far enough in advance so that the defendant would have at least thirty days before the discovery deadline to respond. Now the plaintiff understands that. So the court will extend the deadlines to give the plaintiff enough time to ask for the discovery he wants *and* give the defendant enough time to respond. Once the parties have completed their exchange of discovery, the defendant may decide whether to file a motion for summary judgment. Until then, the court believes the plaintiff can manage on his own.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 19.

The court **GRANTS** the plaintiff's request for extension of time. Dkt. No. 19. The court amends the scheduling order deadlines as follows: the deadline for the completion of discovery is **August 16, 2021**, and the deadline for filing motions for summary judgment on the merits is **September 17, 2021**.

Dated in Milwaukee, Wisconsin this 2nd day of June, 2021.

                                    **BY THE COURT:**

                                    **HON. PAMELA PEPPER**
                                    **Chief United States District Judge**