UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSE GUILLERMO SANTIAGO, JR.,

                Plaintiff,

v.                                          Case No. 20-cv-687-pp

FREDERICK GILBERT,

                Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 23)**

---

      Plaintiff Jose Guillermo Santiago, Jr., who is confined at the Racine Correctional Institution and who is representing himself, filed a complaint alleging that the defendant, Dr. Frederick Gilbert, violated his civil rights under 42 U.S.C. §1983 by prescribing him a medication which the plaintiff believes caused him a severe allergic reaction. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a claim that the defendant acted with deliberate indifference to the plaintiff's serious medical need in violation of the Eighth Amendment to the United States Constitution. Dkt. No. 8 at 7-8. The court also denied without prejudice the plaintiff's motion to appoint counsel. Id. at 10-13. The plaintiff subsequently filed three more motions to appoint counsel, dkt. nos. 12, 16, 18, which the court denied without prejudice, dkt. nos. 14, 18, 21. The plaintiff has renewed his request for counsel. Dkt. No. 23.

1

In support of his renewed request for counsel, the plaintiff states that he does not know what summary judgment means or what he has to do. Dkt No. 23 at 1. He also reiterates that the two inmates who have helped him with this case can no longer assist him. Id. The plaintiff says that he requests a lawyer for the summary judgment phase "and beyond," and that he is concerned that if does not have representation he won't be able to represent himself. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan,

987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. The court has already determined that the plaintiff has made a reasonable attempt to find a lawyer, thus meeting the first prong. Dkt. No. 8 at 10.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

When the court denied the plaintiff's first motion to appoint counsel, it stated as follows:

> The plaintiff has not demonstrated that he cannot handle the case himself at this stage of the proceedings. The plaintiff's complaint was clear and easy to understand. The court knows exactly what he is alleging. He has followed the court's instructions—he provided his inmate trust account as required and paid the initial partial filing fee. He has filed a motion and a letter; the court was able to understand both.
>
> It is true that the plaintiff's allegations relate to a medical issue. Medical issues can be complex. It appears, however, that the medical issue in the plaintiff's case is less complex. The issue is whether Dr. Gilbert's failure to scan the plaintiff's I.D., and his decision to give the plaintiff Amoxicillin when the plaintiff told Gilbert that he was allergic to Augmentin, was deliberately indifferent. The only "complex" issue may be the question of whether a doctor should know that someone who is allergic to Augmentin would also be allergic to Amoxicillin.
>
> The next step in the case is for Gilbert to answer or otherwise respond to the complaint. After that, the court will issue a scheduling order, setting dates for the parties to exchange "discovery." "Discovery" is a process that allows the parties to collect information about the issues in the case by serving on each other written questions (interrogatories) and requests for documents. A person does not need to be trained in the law, or to do legal research, to ask or truthfully answer questions or to ask for documents. The plaintiff's filings so far demonstrate that when the time comes, he is capable of asking the defendant for information through written questions and requests for documents.
>
> After the discovery phase comes the dispositive motion phase. Dispositive motions typically are motions for summary judgment. In a summary judgment motion a party will ask the court to dismiss the case because it believes there are no genuine disputes of material fact and the party is entitled to judgment as a matter of law. If the defendant files a motion for summary judgment, the plaintiff does not need to be trained in the law to respond to the motion, nor does he need to contact experts. Whether a court grants or denies summary judgment depends on whether there are one or more genuine disputes of material fact. The plaintiff clearly knows the facts of his case. The court is familiar with the law and, if there is a summary judgment motion, will not need the plaintiff to explain

4

Case 2:20-cv-00687-PP   Filed 09/21/21   Page 4 of 6   Document 34

> the legal basis of his claims. Instead, it will need the plaintiff to explain which of the defendant's facts the plaintiff disputes and why. The plaintiff's filings to date indicate that he can participate in discovery and respond to a summary judgment motion to tell his side of the story.

Dkt. No. 8 at 11-13.

When the court denied the plaintiff's last motion to appoint counsel, it recognized that it was difficult to determine *the plaintiff's* ability to litigate on his own given that he said that other inmates had helped him up until that time. Dkt. No. 21 at 5. But the court found that, based on a letter the plaintiff had written regarding payment of the filing fee, which appeared to have been written by the plaintiff, he could litigate on his own through the discovery phase because the letter was clear, direct and easy to follow. Id. The court also stated that even if the plaintiff did not write the letter, he could conduct discovery if the court gave him more time. Id. at 5-6. The court concluded that once the parties completed their exchange of discovery, the defendant might decide to file a motion for summary judgment and, until then, the plaintiff could manage on his own. Id. at 6.

On September 13, 2021, the plaintiff filed with the court a request for production of documents and interrogatories. Dkt. No. 25. These discovery requests appear to be following up to responses to discovery requests he previously submitted to the defendants.[1]

---

[1] The day after the plaintiff filed these requests, court staff mailed the plaintiff a Notice Regarding Discovery which advised him to serve his discovery requests on counsel for the defendants and to not file them with the court. Dkt. No. 26.

5

Case 2:20-cv-00687-PP   Filed 09/21/21   Page 5 of 6   Document 34

On September 17, 2021, the defendant filed a motion for summary judgment. Dkt. No. 28. The nature of the plaintiff's claim, as discussed above, as well as the plaintiff's recent filings demonstrate that he can respond to the defendant's summary judgment motion. The plaintiff may request an extension of time to file his response, if he needs it. The court will therefore deny without prejudice the plaintiff's motion to appoint counsel.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 23.

Dated in Milwaukee, Wisconsin this 21st day of September, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**